| DISTRICT COURT, SAN MIGUEL COUNTY, COLORADO<br>305 W Colorado Ave<br>Telluride, CO 81435 | ▲ COURT USE ONLY ▲<br>DATE FILED: May 16, 2019 5:09 PM<br>FILING ID: 73BE280DBB3B4<br>CASE NUMBER: 2019CV30022 |
|---|---|
| Plaintiff: **JAMES RANDY KEE,**<br><br>v.<br><br>Defendant: **TOWN OF MOUNTAIN VILLAGE, a municipality** | Case No: **19CV**_____<br><br>Division:<br><br>Courtroom: |
| Attorney for Plaintiff:<br><br>Christina Harney<br>FLEMING & LOWENBERG<br>144 S. Uncompahgre Avenue<br>P. O. Box 1293<br>Montrose, Colorado 81402<br>Phone Number: (970) 240-2812<br>Email: christina@flemingandlowenberg.com<br>Attorney Registration No. 42809 | |
| **VERIFIED COMPLAINT AND JURY DEMAND** ||

Plaintiff, James Randy Kee, by and through his attorney, Christina Harney, states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff James Randy Kee is a citizen of Colorado who at all times during the events in this case has resided in Ouray County, Colorado and was employed in San Miguel County, Colorado.

2. Plaintiff is informed and believes and based thereon alleges that Defendant TOWN OF MOUNTAIN VILLAGE is a municipality of the State of Colorado that is located in San Miguel County, Colorado, with an address of 455 Mountain Village Blvd. Suite A, Mountain Village, CO 81435.

3. Jurisdiction and venue for this action is proper in this Court pursuant to C.R.C.P. 98 and C.R.S. § 13-1-124(1)(a) and (c), because all parties reside and/or do business in San Miguel County, Colorado and the Plaintiff's claims arise in this County.

## GENERAL ALLEGATIONS

4. Plaintiff, James Randy Kee was hired as a building official on May 14, 2012, with the Town of Mountain Village. At the time of hire, Mr. Kee had an extensive background in construction, building, and building regulations. Mr. Kee had worked previously and continues to work as a consultant on building projects to ensure that building regulations are being followed.

5. Mr. Kee successfully worked as a building official for the Town of Mountain Village for multiple years without incident or concern. Mr. Kee's position was responsible for ensuring that all building projects in the Town of Mountain Village followed the applicable building codes. He was knowledgeable of the codes and the zoning variances needed based on the Town of Mountain Village's zoning regulations. He worked diligently with project managers and builders to ensure that the safety of the citizens and visitors of the Town of Mountain Village in this position.

6. In 2017, the Town of Mountain Village hired Michelle Haynes as the Planning Director, at which time, Mr. Kee noticed a distinct change in how the building department was managed. Ms. Haynes started questioning Mr. Kee's knowledge and understanding of the building codes and his role in the department. Ms. Haynes also started requesting that Mr. Kee use different building codes (not those currently adopted by the municipality) on building projects managed by the Town of Mountain Village. She requested that Mr. Kee bend or ignore the building codes currently in place on building projects, specifically building projects being completed by the municipal entity.

7. Mr. Kee stated concerns to Ms. Haynes and other managers in the Planning Department about the inappropriate building that the municipality was doing and how these projects were violating the established building codes. Mr. Kee was always respectful but firm in stating his concerns. He never became belligerent or insubordinate in his communication. Some of these violations were rather severe and created a serious hazard to the safety and wellbeing of the citizens and visitors of the Town of Mountain Village. Mr. Kee made it a point to indicate the safety issues that resulted from the failure of Ms. Haynes and the Town of Mountain Village to follow the appropriate codes.

8. Ms. Haynes reprimanded Mr. Kee for not being a team player in continuing to request that the Town of Mountain Village follow its own building codes when working on building projects. Ms. Haynes would publicly ridicule Mr. Kee in meetings stating things such as "you are not wanted in reviews that involve fire separations." This was in response to a statement from Mr. Kee that Ms. Haynes was failing to put an appropriate fire wall in a building project that Ms. Haynes herself was managing. This building project would be a residential unit for low income families. The failure to put the necessary fire wall created a significant safety risk to the people who would be residing in this unit.

9. Ms. Haynes completed an evaluation of Mr. Kee shortly after he questioned the lack of a fire wall on the building project indicated above. Ms. Haynes met with Mr. Kee on December 20, 2018, to give him this evaluation. This was the first poor evaluation Mr. Kee received from the Town of Mountain Village. The evaluation largely indicated that Mr. Kee was not being a team player and was causing negativity in the department as a result. Mr. Kee challenged some of the statements in the evaluation and requested a review of the evaluation.

10. On January 2, 2019, the Human Resources Department of the Town of Mountain Village met with Mr. Kee at which time he was asked to sign a Resignation Agreement. In this agreement, he would agree to resign in exchange for three (3) more months of employment. He was told that he had to sign the agreement or he would be terminated. He did not sign the agreement.

11. Mr. Kee filed a grievance for his termination. This was sent to the Town Manager, Kimberly Montgomery. Ms. Montgomery sent Mr. Kee a letter indicating that he cannot file a grievance for a resignation. He responded to this letter indicating that at no time did he resign. The day that this he informed Ms. Montgomery that he did not resign, he was escorted from the building by security and was provided his final check.

12. After he was escorted out of the building by security, Mr. Kee was approached by individuals in the building community, who indicated knowledge that he had been escorted out of the building and was terminated from his position.

## Claim for Relief – Wrongful Termination Against Public Policy

13. Plaintiff herein incorporates all allegations stated above.

14. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Mr. Kee has a constitutional right in his employment. This right should not be infringed without due process.

15. The State of Colorado recognizes an action for wrongful termination against public policy. See Martin Marietta Corp v. Lorenz, 823 P2d 100 (Colo. 1992). Mr. Kee was terminated from his position because he was questioning his supervisor and other management of the Town of Mountain Village on violations of building codes that were occurring in the building projects that the Town of Mountain Village was completing. The failure to follow these building codes placed the residents and visitors of the Town of Mountain Village at serious risk of harm.

16. Plaintiff was directed by his employer to perform an illegal act in the execution of his duties. Mr. Kee was asked to bend or ignore the building codes when reviewing building projects specifically building projects managed by the Town of Mountain Village.

17. The action directed by the Town of Mountain Village specifically violated a statue related to public health, safety, or welfare. Mr. Kee was asked to ignore currently executed building codes that are created for the purpose of protecting citizens from hazards.

18. Plaintiff was terminated as a result of refusing to perform the act directed by the employer. Mr. Kee was escorted from the building by security and given his final check after requesting a review of his concerns. His concerns were that the Town of Mountain Village was asking him to ignore or bend building codes.

19. The Town of Mountain Village knew that the employee's refusal to perform the act was based on the employee's reasonable belief that the directed act was unlawful. Mr. Kee continuously referencing the codes in his conversations with management and his belief that these codes were being violated by the Town of Mountain Village. He also stated the safety concerns that the code violations would create.

20. Plaintiff has suffered monetary damages, pain and suffering, and damage to reputation in an amount to be determined at trial.

WHEREFORE, the Plaintiff requests the relief stated as follows.

### Prayer for Relief

WHEREFORE, Plaintiff prays and requests judgment against the Defendants as follows:

I. An award of monetary damages for lost wages, pain and suffering, and damage to reputation in an amount to be determined at trial.

II. Pursuant to 42 U.S.C. § 1983 reasonable attorney fees and costs;

III. For such other and further relief as this Court deems just and proper.

PLAINTIFF REQUESTS A JURY ON ALL ISSUES.

Respectfully submitted this _____ day of May, 2019.

FLEMING & LOWENBERG

By _____
Christina Harney, #42809

Plaintiff's address:
144 S. Uncompahgre Ave.
Montrose, Colorado 81401


STATE OF COLORADO        )
                         ) ss.
COUNTY OF MONTROSE       )

## VERIFICATION

I, _James R. Kee_, James R. Kee, hereby certify that I have read the foregoing COMPLAINT, and the content thereof is true and accurate to the best of my knowledge and belief, and I hereby verify the same.

_James R. Kee_
**James R. Kee**

Subscribed and sworn to before me this __13th__ day of __May__, 2019, by **James R. Kee**.

WITNESS my hand and official seal.

My commission expires: __03/25/2023__

(Seal)

_____
Notary Public

Trisha Ann Decker
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20194011659
MY COMMISSION EXPIRES 03/25/2023